UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

HEALING POWER, INC.,

                              **MEMORANDUM & ORDER**

                              07-cv-4175 (NGG) (RLM)

Plaintiff,

-against-

ACE CONTINENTAL EXPORTS, LTD., et. al.,

Defendants.
-----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Healing Power Inc. ("Plaintiff") commenced this action for fraud and breach of contract on August 24, 2007, against Defendants Ace Continental Exports, Limited ("Ace") and Ramchandra Damle, a/k/a Ram Bhat Damle ("Damle"). By memorandum and order dated June 20, 2008, I ordered that a default judgment be entered against Defendants, who had abandoned their defense of this case. (Docket Entry #28.) I referred the matter to Magistrate Judge Roanne L. Mann for an inquest on damages. (Id.) On September 30, 2008, Judge Mann issued a Report and Recommendation ("R & R") recommending that judgment be entered against Defendants in the amount of $216,896.22 plus prejudgment interest. (Docket Entry #34.) Judge Mann advised the parties that any objections must be filed on or before October 14, 2008 and that "[f]ailure to file objections in a timely manner may waive a right to appeal the District Court order." (R & R at 17.)

1

Under Rule 72(b) of the Federal Rules of Civil Procedure, a party may object to a magistrate judge's report and recommendation by serving and filing "specific written objections." Fed. R. Civ. P. 72(b). An objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b). Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.") Furthermore, "[w]here parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Id.

On October 14, 2008, Defendant Damle, proceeding pro se, sent a letter by fax to the court purporting to object to Judge Mann's R & R.[1] (Docket #35.) The letter notes that "I have very strong objection against judgment as the contract is according and subject to English law and it has to be dealt in England which is more convenient for me." (Id.) This letter does not constitute a sufficient objection for two reasons: 1) it appears to object to a previous R & R of which Damle has already waived further judicial review; and 2) even if the court construes the letter to object to the instant R & R, the letter is not specific enough to constitute an objection under Rule 72(b).

First, the letter appears to object to the entry of judgment, but Judge Mann's R & R addresses only the amount of damages, as this court had already ordered the judgment of default

---

[1] Damle signed the letter "[f]or and on behalf of Ace Continental Exports, Ltd." (Docket #35.) While Damle may proceed pro se to represent himself, he may not represent Ace Continental Exports, Ltd., an entity, in federal court. See, e.g., Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) ("[I]t is well established that a layperson may not represent a corporation . . . [or] may not assert pro se a claim that has been assigned to the litigant by a corporation.") (internal citations omitted). Because Rule 72(b) provides that "a party" may object, the court construes the objection to be on behalf of Damle only. See Fed. R. Civ. P. 72(b).

The court further notes that the letter was not accompanied by a certificate of service and contained no indication that it had been served on Plaintiff, as required by Rule 72(b). See Fed. R. Civ. P. 72(b).

2

against Defendants. (Id.) Indeed, Defendants previously had numerous opportunities to prevent the default judgment, but they ignored the court's Order to Show Cause, and later failed to file any objections to Judge Mann's previous R & R recommending a default judgment, even after receiving an extension of time during which to object. (Docket Entry #28.) Therefore, to the extent that Damle's letter objects to the entry of a default judgment, the court considers that objection waived. See Mario, 313 F.3d at 766.

Even construing the letter liberally as objecting to Magistrate Judge Mann's instant R & R on the amount of damages, the letter is insufficiently specific to constitute an objection under Rule 72(b). See id. The letter is even less specific than the objection rejected by the Second Circuit in Mario v. P & C Food Markets, Inc., which claimed to object for reasons set forth in a previously filed memorandum of law. See id. Here, to the extent that Damle purports to object to the R & R on damages, the court notes that the Defendants filed no rebuttal evidence to Plaintiff's submissions in support of its claim for damages. Damle's letter is clearly inadequate to constitute a "specific objection" under the requirements of Rule 72(b). As a court in this district recently noted, "[t]o allow a party to trigger full *de novo* review by the district judge on the basis of the type of objections made here would make a mockery of the role of magistrate judges in fulfilling their important and well-recognized responsibilities." Bowens v. Atlantic Maint. Corp., 546 F. Supp. 2d 55, 59 (E.D.N.Y. 2008).

Out of an abundance of caution, the court has reviewed the R & R for clear error on its face. See Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record"). Judge Mann has engaged in a comprehensive analysis and calculation of

damages based on Plaintiff's evidentiary submissions. The court finds her R & R thorough, well-reasoned, and well-founded in applicable law.

The court therefore adopts Judge Mann's R & R in its entirety and makes the following order: a final judgment shall be entered against Defendants awarding Plaintiff damages for the fraud claim in the amount of $216,896.22, plus prejudgment interest calculated at $53.48 per day from July 1, 2007 until today. The prejudgment interest is $25,349.52. Therefore, the total amount of damages to be awarded to Plaintiff is $242,245.74.

SO ORDERED.

Dated: Brooklyn, New York
October 17, 2008

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge